IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00918-BNB

ROBERT LEE DAVIS,

    Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT (RTD),
GREG YATES,
GREGG FISHER,
DON MERRITT, and all other interested persons etc.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Robert Lee Davis, initiated this action by filing *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Title VII Complaint. In an order filed on May 5, 2008, the court directed Mr. Davis to cure a deficiency if he wished to pursue his claims. More specifically, the court ordered Mr. Davis to file an amended Title VII Complaint in which the names in the caption match the names in the text of the pleading. On June 5, 2008, Mr. Davis filed a "Motion of Reconsideration to Cure Deficiency" in which he contends that the original complaint is not deficient as described. The "Motion of Reconsideration to Cure Deficiency" will be granted and Mr. Davis will not be required to cure the deficiency identified in the court's May 5 order. However, for the reasons discussed below, Mr. Davis will be required to file an amended complaint. The Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 also will be granted.

The court must construe the Title VII Complaint liberally because Mr. Davis is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The court has reviewed the Title VII Complaint and has determined that it does not comply with Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Davis fails to set forth a short and plain statement of his claims showing that he is entitled to relief. In describing the nature of the case, Mr. Davis checked the box

indicating that he was discriminated against because of his race and he also asserts that he was discriminated against because of "age/temp disability/retaliation harassment, wrongful discharge." (Title VII Compl. at 2.) Mr. Davis also checks a box indicating that the alleged discrimination involved "Demotion/discharge from employment," which he further describes as "discharge from employment while off work, Plaintiff was getting workers compensation benefits, also had several medical passes from (RTD) and workers comp Dr's. This was an on the job injury." (Title VII Compl. at 2.) However, Mr. Davis fails to provide any specific facts that explain how or why he believes his race, age, or a temporary disability led to his discharge or what harassment and retaliation he faced that led to his discharge. Other than the vague description of the nature of the case, the entire complains consists of ten numbered paragraphs describing the relief Mr. Davis is seeking in this action. The documents attached to the complaint also do not provide a short and plain statement of the claims Mr. Davis is asserting in this action.

For these reasons, Mr. Davis will be ordered to file an amended complaint. Mr. Davis is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Davis also is advised that supervisors and other employees may not be held personally liable under Title VII. **See Haynes v. Williams**, 88 F.3d 898, 899 (10th Cir. 1996). Accordingly, it is

ORDERED that Mr. Davis file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Davis, together with a copy of this order, two copies of the following form: Title VII Complaint. It is

FURTHER ORDERED that, if Mr. Davis fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that the "Motion of Reconsideration to Cure Deficiency" filed on June 5, 2008, is granted. It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on April 29, 2008, is granted.

DATED June 9, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00918-BNB

Robert Lee Davis
14806 E. 2nd Avenue
Bldg. G # 304
Aurora, CO 80011

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Title VII Complaint** to the above-named individuals on 6·10·08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk